The State v. Davis.

THE STATE OF KANSAS v. L. L. DAVIS, *et al.*

1. POLICE JUDGE; *Jurisdiction as to Public Offenses.* Under the provisions of the statute, a police judge of a city of the second class has no authority to cause a person charged with an offense against the criminal laws of the state, committed beyond the limits of the corporation, to be examined before him for such an offense, or to commit him to jail therefor, or to hold him by bail for trial before the district court.

2. ———— *Limit of Authority.* Where the examination and commitment by the police judge of a city of the second class are wholly illegal and unauthorized, and the party committed thereunder executes a recognizance to appear before the district court, in order to be released from illegal custody, such recognizance is without any validity, and no action can be maintained thereon.

*Error from Lyon District Court.*

ACTION brought by *The State of Kansas* against *Davis* and another, as sureties upon a certain forfeited recognizance. Trial and judgment for the defendants at the September Term, 1880, of the district court. *The State* brings the case here. The opinion states the facts.

*Sterry & Sedgwick,* for plaintiff in error.

*Buck & Feighan,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On July 13, 1879, W. H. Davis was arrested on the charge of grand larceny, alleged to have been committed in the county of Lyon, but outside of the corporate limits of the city of Emporia. He was brought before C. B. Bacheller, police judge of Emporia, for examination. The defendant moved to dismiss the proceeding against him, upon the ground that the police judge had no jurisdiction to examine him for the offense charged. The motion was overruled, and on the 18th of July, 1879, the police judge proceeded to hold an examination as to the matters alleged, and required defendant to appear at the next term of the district court of Lyon county, to answer the charge of grand larceny. In default of bail, he committed him to the county jail. On July 19th said W. H. Davis, to be released from such custody, with the defendants in error as his sureties, executed the recognizance sued upon in this action. At the September term, 1879, of the district court he failed to appear, his recognizance was forfeited, and this action was brought to recover a judgment against the defendants upon the forfeited recognizance. They alleged in their answer to the petition that the police judge had no right to issue the warrant upon which Davis was arrested, or hold any examination for the offense charged against him, or commit him to jail; and they also alleged that the recognizance, being given to secure the release of Davis from an illegal custody, was without consid-

eration, and void. To each of these defenses the plaintiff demurred. The court overruled the demurrer, and the plaintiff electing to stand by it, judgment was entered that the action be dismissed at the costs of the plaintiff.

The only question therefore in the case is, whether a police judge of a city of the second class has jurisdiction to examine a party charged with having committed a felony against the laws of the state outside of the limits of the city, and to commit, in default of bail upon such examination, the person so charged to answer before the district court. It is contended by the counsel for the state that § 7, art. 2, and § 35, art. 5, ch. 82 of the criminal code, confer full power on the police judges of all incorporated cities and towns to apprehend and examine persons charged with offenses against the laws of the state. If there were no other provisions in the statute, the position of counsel, at least so far as the authority of the police judge to issue criminal process is concerned, would be impregnable. We must, however, examine the other provisions of the law, and ascertain the policy of the legislature from the statute, taken as a whole. Under the Gen. Statutes of 1868, (ch. 19, § 34,) police judges had the power to summon a jury and try certain misdemeanors. Under ch. 62, Laws of 1871, the power of police judges in cities of the second class was limited to hear and determine all offenses against the ordinances of the city, and by § 62 of the same chapter it was provided: "If in the progress of any trial before the police judge, it shall appear that the accused ought to be put upon his trial for an offense against the criminal laws of the state and not cognizable before the said police judge, he shall immediately stop all further proceedings before him as such judge; and thereupon he shall cause complaint to be made before a justice of the peace, who shall proceed as in other cases cognizable before justices of the peace." In 1872, a new act incorporating cities of the second class, and repealing former acts, was adopted by the legislature. The provisions already referred to in the law of 1871, as applicable to the police judge, were retained in the act of 1872. It is evident, therefore, that

under the provisions of § 85, ch. 100, of the Laws of 1872, (sec. 85, ch. 19, Comp. Laws of 1879,) police judges in cities of the second class are inhibited from proceeding with any examination where it appears that the accused ought to be put upon his trial for an offense against the criminal laws of the state, not cognizable before police judges; and as § 77 of ch. 100, Laws of 1872, defines and virtually limits the power of police judges of cities of the second class to hear and determine all offenses against the ordinances of the city, we may fairly conclude that, by the terms of the statute, police judges cannot take cognizance of any offense committed beyond the limits of the city of which they are officers. This conclusion leads to the result that the police judge of Emporia had no jurisdiction to examine W. H. Davis upon the charge of grand larceny, alleged to have been committed outside of the limits of the city of Emporia, or to commit him in default of bail after such examination, to the county jail, to answer for such alleged offense before the district court; hence the recognizance sued upon in the action was unauthorized, and the ruling of the court dismissing the action was correct.

1. Police judge; jurisdiction as to public offenses.

Counsel for the state call our attention to sec. 77, ch. 100, Laws of 1872, which provides that the police judge shall be a conservator of the peace, and argue therefrom that the authority thereby conferred permits police judges to cause persons suspected of any crime to be arrested, and to examine and commit them, or hold them by bail for trial before the proper court. We think, however, that the authority to be conservators of the peace is limited to the territory within the corporation. In other words, as conservators they are limited by the statute to their particular locality, and that locality is the corporation limits of the cities for which they are peace officers.

2. Limit of authority.

The judgment of the district court will be affirmed.

All the Justices concurring.